UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAYNE WALKER,

    Plaintiff,

v.

WILLIAM WALKER, et al.,

    Defendants.

_____/

Hon. Robert J. Jonker

Case No. 1:23-cv-488

## REPORT AND RECOMMENDATION

Plaintiff Wayne Walker paid the filing fee and filed his complaint in this case (*Walker* III) on May 10, 2023 against 21 Defendants. Plaintiff has also filed two other recent cases in this Court, *Walker v. Walker*, No. 1:23-cv-4 (W.D. Mich.) (*Walker* I), and *Walker v. Walker*, No. 1:23-cv-489 (W.D. Mich.) (*Walker* II). Most Defendants in this action were also sued in *Walker* I, and many Defendants were also sued in *Walker* II. Plaintiff's allegations in *Walker* I largely concerned Cooper Township's enforcement of a blight or similar ordinance against certain real property on which Plaintiff resided. I issued a Report and Recommendation on January 19, 2023 (*Walker* I, ECF No. 5), recommending dismissal of the action for lack of subject matter jurisdiction. On April 19, 2023, Judge Beckering issued an Opinion and Order adopting the Report and Recommendation over Plaintiff's objections and entered a final Judgment. (*Id.*, ECF Nos. 47 and 48.) Plaintiff did not appeal the judgment. Instead, he filed a new action, *Walker* II, on May 10, 2023, asserting the same factual allegations against most, if not all, of the same Defendants in *Walker* I. On May 17, 2023, I issued a Report and Recommendation (*Walker* II, ECF No. 10), recommending that *Walker* II be dismissed as barred by the doctrine of claim preclusion.

Plaintiff's complaint's allegations in the instant case, *Walker* III, overlap to some extent with his allegations in *Walker* I and II. (*Compare Walker* III, ECF No. 1 at PageID.9 *with Walker* I, ECF No. 1 at PageID.6 *and Walker* II, ECF No. 1 at PageID.7.) To the extent that Plaintiff intends such allegations to form the basis of any claim in this action, his claims are barred by the doctrine of claim preclusion for the reasons set forth in the May 17, 2023 Report and Recommendation in *Walker* II.

The *Walker* III complaint differs from the others in that its factual allegations commence in December 2011. There, Plaintiff complains about his parenting time with his children and how Defendant Judge Bakker, who apparently presided over his state-court divorce proceeding, cost him a job-related educational opportunity by overruling a prior court-wide holiday visitation order. Plaintiff next complains that Judge Bakker "came after" him in November 2012 for past-due child support payments and tried to send him to prison until April 2013 by "falsifying and manipulating court documents." (ECF No. 1 at PageID.7.) Next, Plaintiff turns to his real estate and livestock ventures with Defendant Tammy Jo Schafer from August 2013 through 2019, which eventually soured when Schafer obtained a Personal Protection Order (PPO) against Plaintiff based on "falsified allegations." (*Id.* at PageID.7–8.) Plaintiff alleges that Schafer used the PPO to deprive him of his personal property and eventually used it to evict him from properties located in Kalamazoo and Allegan, Michigan. (*Id.* at PageID.8.) Plaintiff further alleges that Defendant Schafer sold several pigs to Defendant David Venturato and sold several cows, bulls, and calves, apparently to Defendant Chris Verda, causing Plaintiff to suffer substantial investment losses. Plaintiff alleges that during an incident on December 18, 2019, Defendant Verda hit his vehicle and threated Plaintiff's, his daughter's, and his employees' lives. (*Id.*)

Because Plaintiff paid the filing fee, I am not authorized to review the complaint under 28 U.S.C. § 1915(e) to determine whether it should be dismissed because it is frivolous or malicious or fails to state a claim on which relief may be granted. *See Clark v. United States*, 74 F. App'x 561, 562 (6th Cir. 2003) ("Clark, however, did not proceed IFP, but paid the filing fee. Generally, if a plaintiff pays the filing fee, a complaint is not subject to dismissal without notice to the plaintiff and an opportunity to amend.") (citing *Benson v. O'Brian*, 179 F.3d 1014, 1017 (6th Cir. 1999)). Nonetheless, it is firmly established that a court may dismiss an action *sua sponte* "for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479–80 (6th Cir. 1999); *see also Wagenknecht v. United States*, 533 F.3d 412, 417 (6th Cir. 2008). "A complaint is frivolous when it lacks an arguable basis either in fact or in law," and it "lacks an arguable or rational basis in fact if it describes fantastic or delusional scenarios." *Abner v. SBC Ameritech*, 86 F. App'x 958, 958 (6th Cir. 2004) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 327-28 (1989)) (quotation marks omitted).

Here, the Court may dismiss Plaintiff's claims for lack of subject matter jurisdiction because they meet the *Apple* standard. To begin, Plaintiff does not allege a basis for diversity jurisdiction, and it is clear there is no basis for jurisdiction on that ground because complete diversity is lacking. Instead, citing various federal regulations and statutes, Plaintiff alleges that the Court has federal question jurisdiction over his claims. (ECF No. 1 at PageID.4.) But Plaintiff's reliance on these sources of federal law is misplaced, as they are inapplicable to Plaintiff's allegations, and none of them provides a private right of action. First, 49 C.F.R. § 1570.5, which prohibits fraud and intentional falsification of records relating to maritime and surface

3

transportation security, provides no private right of action. *Crumbley v. Fowler*, No. 2:21-cv-911, 2021 WL 4864479, at *2 (D.N.M. Oct. 19, 2021) ("The Court dismisses Plaintiff's claim pursuant to 49 C.F.R. § 1570.5 because there is no language in 49 C.F.R. § 1570.5 indicating that Congress intended to create a private right of action."); *Thompson v. Benedictine Health Ctr. at Innsbruck*, No. 21-Cv-969, 2021 WL 3146530, at *1 (D. Minn. July 26, 2021) (noting that the regulation does not allow private individuals to enforce its provisions); *Hill v. Windsor Police Dep't*, No. 2:20-CV-87, 2021 WL 650234, at *2 (E.D.N.C. Jan. 6, 2021) ("Plaintiff alleges that jurisdiction is based upon 49 C.F.R. § 1570.5, but that regulation contains rules for maritime and surface transportation security within the Transportation Security Administration in the Department of Homeland Security. *See* 49 C.F.R. § 1570. However, the regulation does not create a private right of action for spoliation of evidence by local police departments."). Next, while 18 U.S.C. § 1514 provides for a civil action "upon application of the attorney for the Government" in a federal criminal case for issuance of "a temporary restraining order prohibiting harassment of a victim or witness" in such case, 18 U.S.C. § 1514(a)(1), it does not create a private right of action. *See Cassaday v. Pure Options*, No. 1:22-cv-532, 2022 WL 2663093, at *4 (W.D. Mich. July 11, 2022) (noting that while Section 1514 "authorizes entry of temporary restraining order to prevent harassment upon the request of the government, [it] creates no private right of action"); *Thorpe v. Township of Salisbury*, No. 5:21-cv-4261, 2022 WL 897764, at *4 (E.D. Pa. Mar. 28, 2022) (noting that "§ 1514 does not create a private right of action, nor does it authorize private persons to apply for relief under the statute"). The same is true of 18 U.S.C. § 1509 (criminalizing obstruction of orders issued by a federal court), *see Hamilton v. Reed*, 29 F. App'x 202, 204 (6th Cir. 2002) (no private cause of action under Section 1509); 25 C.F.R. § 11.404 (creating misdemeanor criminal offense in the context of Indian affairs), *see Whitfield v. Cuyahoga Cnty. Dep't of Children & Family*

*Servs.*, No. 1:21cv34, 2021 WL 1634552, at *2 (N.D. Ohio Apr. 27, 2021) (the regulation "establishes a misdemeanor criminal offense in the context of Indian affairs and does not provide a private right of action or civil remedy in any context"), and *Ogletree v. Vigil*, No. 17-3724, 2018 WL 582391, at *2 (E.D. La. Jan. 29, 2018) (same); 25 C.F.R. § 11.440 (prohibiting tampering with or fabricating physical evidence in the context of Indian affairs), *see Rolston v. State of Tenn. Gov't*, No. 3:18-cv-656, 2019 WL 3109980, at *5 (M.D. Tenn. June 5, 2019), *report and recommendation adopted*, 2019 WL 3075916 (M.D. Tenn. July 15, 2019) (noting that 25 C.F.R. § 11.440 establishes a crime that applies to Indian tribes and does not provide a private right of action); 44 U.S.C. § 3106 (Federal Records Act provision regarding "unlawful removal, defacing, alteration, corruption, deletion, erasure, or other destruction of records in the custody of [a federal] agency), *see Martinson v. Drug Enf't Admin.*, Nos. 96-5262, 96-5276, 96-5367, 97-5059, 1997 WL 634559, at *1 (D.C. Cir. Sept. 22, 1997) (Section 3106, "which authorizes the National Archivist to bring actions to recover records unlawfully removed from federal agencies, does not create a private right of action"); and 28 U.S.C. § 351 (authorizing complaints against federal circuit, district, bankruptcy, and magistrate judges regarding judicial misconduct), *see Hueter v. Kruse*, No. 1:20-cv-3686, 2021 WL 3052034, at *2 (D.D.C. July 2021) (noting that Section 351 "provides a procedure by which persons 'may file with the clerk of the court of appeals for the circuit a written complaint' about a federal judge's conduct" and "does not create a private cause of action").

Even if the foregoing statutes and regulations created private rights of action, they do not cover any of the alleged conduct in this case. Moreover, Plaintiff does not even attempt to explain how they could apply to any Defendant's conduct. Accordingly, I recommend that the Court

5

**dismiss** this action for lack of subject matter jurisdiction as set forth in *Apple*. I further recommend that the Court deny Plaintiff's pending filings (ECF Nos. 2, 3, and 4) as **moot**.

Date: May 22, 2023  /s/ Sally J. Berens  
SALLY J. BERENS  
U.S. Magistrate Judge

## NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).