UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAYNE WALKER

      Plaintiff,

                                          CASE NO. 1:23-cv-488

v.

                                          HON. ROBERT J. JONKER

WILLIAM WALKER, et al.,

      Defendants.
_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

Plaintiff Wayne Walker ("Plaintiff") has filed this lawsuit against 21 Defendants. In a sprawling Complaint, Plaintiff details a variety of wrongs against him beginning in 2011. (ECF No. 1, PageID.7-11.) Plaintiff's allegations in this Complaint somewhat overlap with those in two previous lawsuits Plaintiff has recently filed in this Court, *Walker v. Walker*, No. 1:23-cv-4 (W.D. Mich.) ("*Walker* I") and *Walker v. Walker*, No. 1:23-cv-489 (W.D. Mich.) ("*Walker* II"). The matter before the Court is Magistrate Judge Berens' Report and Recommendation (ECF No. 11) that the Court dismiss this action *sua sponte* for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure because the allegations "are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion. *Apple v. Glenn*, 183 F.3d 477, 479-80 (6th Cir. 1999). Plaintiff objects.

The Court has reviewed Magistrate Judge Berens' Report and Recommendation (ECF No. 11) and Plaintiff's Objections to the Report and Recommendation. (ECF No. 12). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's

recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3).  De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge.  *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's objections.  The Magistrate Judge recommends dismissal of this suit for lack of subject matter jurisdiction.  The Court finds the Magistrate Judge's Report and Recommendation factually sound and legally correct.  As the Magistrate thoroughly details in her Report, much of this case overlaps with the claims brought in *Walker* I and *Walker* II.  (ECF No.11, PageID.42-3).  Those cases were dismissed for lack of subject matter jurisdiction and claim preclusion, respectively.  (*Id.* at PageID.42.)  The new facts and any additional Defendants named in this suit neither allege a basis for diversity jurisdiction nor do they pose a significant federal question.  What's more, many of the statutes upon which Plaintiff relies do not include a private right of action.

In his objections, Plaintiff primarily reiterates and expands arguments that the Magistrate Judge has already addressed in her Report and Recommendation.  In fact, Plaintiff's objections simply underscores the Magistrate Judge's main point—there is no substantial federal question here.  The one-hundred-fifty-seven-paragraph litany details Plaintiff's struggles with four wives and related divorce proceedings, along with domestic violence, Child Protective Services, personal

protective order, and local ordinance proceedings, spanning the last twenty-five years. (ECF No. 12.) Plaintiff clearly believes that he has been ill-treated in nearly every personal encounter and every court proceeding. But that does not create a substantial federal question. Even if one stretches the bounds of plausibility to their limit, Plaintiff's claims are barred by claim preclusion, statutes of limitation, or the fact that the law at issue does not create a private right of action. For example, in ¶ 93, Plaintiff alleges that while serving him with a PPO, a police officer impermissibly searched his personal belongings. (ECF No. 12-1, PageID.62; ECF No. 1, PageID.8.) Even assuming that could conceivably raise a Fourth Amendment issue, it would be time-barred because it occurred in November 2019, more than three years prior to this action being filed. For the very reasons the Report and Recommendation details, this Court agrees with the recommendations.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 11) is **APPROVED AND ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (ECF No. 1) is **DISMISSED** under *Apple v. Glenn, supra*. This case is **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff's other pending Motions (ECF No. 2, 3, and 4) are **DISMISSED AS MOOT**.

A separate Judgment shall issue.

DATED: June 12, 2023         /s/ Robert J. Jonker
                             ROBERT J. JONKER
                             UNITED STATES DISTRICT JUDGE